UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE LEE,

           Petitioner,

        v.

SHERRY BURT,

           Respondent.

_____/

CASE NO. 2:09-CV-12127
JUDGE GEORGE C. STEEH
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION ..................................................................................................2
II.    REPORT.......................................................................................................................2
     A.    *Procedural History* ............................................................................................2
     B.    *Factual Background Underlying Petitioner's Conviction* ................................3
     C.    *Standard of Review* ..........................................................................................4
     D.    *Validity of Plea (Ground 1)* .............................................................................6
          1.        *Clearly Established Law* .......................................................................6
          2.        *Analysis* ................................................................................................7
     E.    *Court Appointed Counsel Fees (Ground 2)* ......................................................9
     F.    *Right to Appellate Counsel (Ground 3)* .........................................................10
     G.    *Ineffective Assistance of Counsel (Ground 4)* ................................................11
          1.        *Clearly Established Law* .....................................................................11
          2.        *Analysis* ..............................................................................................12
     H.    *Recommendation Regarding Certificate of Appealability* ..............................13
          1.        *Legal Standard* ...................................................................................13
          2.        *Analysis* ..............................................................................................15
     I.    *Conclusion* ......................................................................................................15
III.   NOTICE TO PARTIES REGARDING OBJECTIONS ...........................................15

1

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny a certificate of appealability.

II.     REPORT:

A.      *Procedural History*

1.      Petitioner Jessie Lee is a state prisoner, currently confined at the Parnall Correctional Facility in Jackson, Michigan.

2.      On May 19, 2005, petitioner pleaded guilty to criminal sexual conduct 3rd degree (complainant under 13 years of age), MICH. COMP. LAWS § 750.520d, in the Macomb County Circuit Court.  On June 14, 2005, he was sentenced to 11 years' 3 months to 25 years' imprisonment for the conviction of criminal sexual conduct.

3.      Petitioner sought leave to appeal to the Michigan Court of Appeals raising, through counsel, the following claims:

    I.      PETITIONER'S PLEA IS INVALID BECAUSE THE AGREEMENT WAS ALTERED AFTER IT WAS AGREED TO, ACCEPTED, AND ENTERED ON THE RECORD.

    II.     THE TRIAL COURT ERRED BY FAILING TO CONSIDER PETITIONER'S ABILITY TO PAY ATTORNEY FEES, NOW AND IN THE FUTURE, AND IF THE ABILITY TO PAY ATTORNEY FEES CANNOT BE ESTABLISHED, THE FEES MUST BE VACATED.

The court of appeals dismissed petitioner's delayed application for leave to appeal stating that petitioner failed to request the appointment of appellate counsel within 12 months of the entry of the June 14, 2005 judgment of sentence.  *See People v. Lee*, No. 281720 (Mich. Ct. App. November 21, 2007).

4.      Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a

standard order.  *See People v. Lee*, 481 Mich. 877, 748 N.W.2d 831 (2008).

5.          Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas

corpus on June 2, 2009.  As grounds for the writ of habeas corpus, he raises four claims.

> I.    PETITIONER'S PLEA IS INVALID BECAUSE THE PLEA AGREEMENT WAS ALTERED AFTER IT WAS AGREED TO, ACCEPTED, AND ENTERED ON THE RECORD.
>
> II.   THE TRIAL COURT ERRED BY FAILING TO CONSIDER PETITIONER'S ABILITY TO PAY ATTORNEY FEES, NOW AND IN THE FUTURE, AND IF THE ABILITY CANNOT BE ESTABLISHED, THE FEES MUST BE VACATED IN ACCORDANCE WITH PETITIONER'S FIFTH AND SIXTH AMENDMENT RIGHTS.
>
> III.  PETITIONER WAS DENIED HIS RIGHT TO COUNSEL UNDER HALBERT V. MICHIGAN, WHEN THE MICHIGAN COURT OF APPEALS DISMISSED HIS APPLICATION FOR LEAVE TO APPEAL.
>
> III.  PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS DEFENSE COUNSEL FAILED TO ENSURE THAT THE PROPER FORM REGARDING PETITIONER'S APPEAL WAS FILED WITH THE TRIAL COURT.

6.          Respondent filed his answer on January 12, 2010.  He contends that petitioner's

claims either are without merit or are state law claims which are not cognizable on habeas

review.

B.     *Factual Background Underlying Petitioner's Conviction*

          On the day set for trial, petitioner entered a guilty plea pursuant to a *Cobbs* agreement.[1]

Pursuant to the plea deal, petitioner agreed to plead guilty to one count of third-degree criminal

sexual conduct (CSC), in exchange for the dismissal of the remaining four counts of CSC he was

charged with, and the dismissal of the Enhancement Notice as a habitual third offender. The

parties also agreed to a sentencing guideline of 135 months to 25 years.  *See* Plea Tr., dated

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence is more severe.

5/19/05, at 5.  Upon questioning by defense counsel, petitioner indicated his agreement with the plea deal. He also indicated that he understood that he was forgoing both an evidentiary hearing and the trial, which had been scheduled for that day. Petitioner further stated that he understood that he had the right to go to trial, but wished to forgo that right and plead guilty.  *See id.* at 7-8. The trial court explained the maximum term of imprisonment faced by pleading guilty, and petitioner indicated that he understood.  *See id.* at 8. The court explained to petitioner the rights he was waiving by pleading guilty, and petitioner indicated that he understood those rights and that he was waiving them by pleading guilty.  *See id.* at 7-8. Petitioner denied that anyone had threatened him to induce his plea, and stated that it was his own choice to enter his plea.  *See id.* at 8-9. The court then accepted petitioner's plea. *See id.* at 10.

At the sentencing hearing it was brought to the court's attention that the prosecution had failed to account for the victim's pregnancy as a physical injury under Offense Variable 10 (OV 10).  *See* Sentencing Tr., dated 6/14/05, at 2.  Applying this factor, the sentencing guidelines minimum was increased to the range of 171 to 285 months.  *Id.* at 2-3.  However, it was made clear that the plea agreement itself was not going to be altered despite the increase in the sentencing guideline range.  *Id.*  In order to accomplish that, the *Cobbs* agreement was changed to a sentencing agreement, which allowed for a downward departure from the accurate sentencing guidelines.  *Id.* at 3-4.

C.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Amongst other amendments, the AEDPA amended the substantive standards for

4

granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Validity of Plea (Ground 1)*

1.    *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that

6

the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755;
*King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of
truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S.
637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by
specifics is subject to summary dismissal, as are contentions that in the face of the record are
wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the
likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those
consequences[.]" *Mardy v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty
> made by an accused person, who has been advised by competent
> counsel, may not be collaterally attacked. It is also well settled
> that plea agreements are consistent with the requirements of
> voluntariness and intelligence--because each side may obtain
> advantages when a guilty plea is exchanged for sentencing
> concessions, the agreement is no less voluntary than any other
> bargained-for exchange.

*Id.* at 508 (footnotes omitted).

    2.    *Analysis*

Petitioner contends that his guilty plea is invalid because the agreement was allegedly
altered after it was agreed to, accepted and entered on the record. The Court should conclude
that petitioner is not entitled to habeas relief on this claim.

As a general matter, petitioner's statements at the plea hearing belie his claims. At the
hearing, petitioner indicated that he understood the nature of the rights he was giving up by
pleading guilty. *See* Plea Tr., at 7-8. Petitioner also denied that any threats or coercion had been
made to induce his plea. *Id.* at 8-9. These statements "carry a strong presumption of verity."
*Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of
verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject

to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceeding showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court….Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001) (Steeh, J.).   In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."   *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).   In view of this standard and petitioner's statements at the plea colloquy, petitioner's claim that his guilty plea is invalid is without merit.

Moreover, petitioner's claim that his due process rights were violated due to the change in the plea agreement is without merit.   Under a *Cobbs* agreement, a defendant is permitted to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence is more severe. *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).   Under a sentencing agreement, a defendant is permitted to plead guilty pursuant to the certain sentence limit agreed upon by the defense and prosecution as to the appropriate sentence, subject to the defendant's right to withdraw his plea if

the actual sentence imposed by the court is more severe. *People v. Killebrew*, 416 Mich. 189, 330 N.W.2d 834 (1982). Simply, under *Cobbs*, the trial judge is bound by the agreement, and under *Killebrew*, the prosecutor is bound. Therefore, the change in the nature of the agreement did not materially alter the plea. In addition, the sentencing guidelines agreed to remained intact. By changing to a sentencing agreement, the petitioner was able to retain the already accepted sentencing guideline minimum of 135 months, despite the fact that the accurate sentencing guideline minimum was 171 to 285 months (by being granted a downward departure from the accurate sentencing guidelines). Further, petitioner's claim that neither he nor his attorney affirmatively acquiesced in the alteration of the fundamental nature of the agreement (from a *Cobbs* agreement to a sentencing agreement under *Killebrew*) is without merit. Petitioner's counsel clarified the type of agreement along with the terms on the record by stating, "[a]nd the *sentence agreement* would be to 135, Your Honor?" *See* Sentencing Tr., dated 06/14/05, at 4 (emphasis added). Counsel further reaffirmed approval for the adjustment after the court stated it would convert the *Cobbs* into a sentence agreement. *Id.* Both parties, along with the court, affirmed the alteration as to the nature of the agreement, and therefore petitioner's due process rights were not violated. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Court Appointed Counsel Fees (Ground 2)*

With respect to petitioner's claim that the procedures used to impose and enforce a fee for his court-appointed counsel are unconstitutional, this claim is not cognizable on habeas review. It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 6, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam); *accord Rhode v. Olk-Long*, 84 F.3d 284, 287 (8 th Cir. 1996); *Wesselman v. Seabold*, 834 F.2d 99, 102 (6 th Cir. 1988); *United States ex rel. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1013 (N.D. Ill. 2001). Regardless of whether state law improperly assessed on petitioner court appointed attorney fees, a state reimbursement requirement imposed on indigent defendants does not deprive them of the right to counsel. *See Fuller v. Oregon*, 417 U.S. 40 (1974) ("[T]he fact that an indigent who accepts state-appointed legal representation knows that he might someday be required to repay the costs of those services in no way affects his eligibility to obtain counsel."). In addition, pre-sentence determination of a defendant's ability to pay for court appointed counsel is not constitutionally required. *People v. Jackson*, 483 Mich. 271, 287, 769 N.W.2d 630 (2009). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Right to Appellate Counsel (Ground 3)*

Petitioner contends that the Michigan Court of Appeals's dismissal of his application for leave to appeal is in violation of *Halbert v. Michigan*. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals. *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582 (2005). At the plea hearing, petitioner's counsel acknowledged receipt of the Notice of Application for Leave to

Appeal and Request for Appointment of Attorney (Guilty / Nolo Contendere Plea). *See* Sentencing Tr., dated 6/14/05, at 6. Petitioner signed the document, acknowledging that he had received and read it, but did not sign on the line requesting appointment of appellate counsel. Petitioner contends that he defectively signed the form, by omitting his signature on the line requesting appellate counsel. However, at no time during sentencing or the 42 days following sentencing did the petitioner inform the judge that he was going to pursue his appellate rights. Further, the trial court did not receive a request for counsel until July 24, 2007, which was over two years after petitioner's sentencing. Upon receipt of such correspondence, the court appointed the State Appellate Defender Office to perfect an appeal and/or pursue post-conviction remedies. Therefore, *Halbert* is not implicated because neither the trial court nor the Michigan Court of Appeals denied a timely request for appointed appellate counsel. *See Rodgers v. Prelesnik*, No. 1:07-cv-726, 2010 WL 3475841, at *6 (W.D. Mich. Aug. 4, 2010). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.      *Ineffective Assistance of Counsel (Ground 4)*

        1.      *Clearly Established Law*

        The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

11

prejudice, … that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where, as here, a petitioner challenges counsel's effectiveness with respect to failure to file a notice of appeal, in order "to show prejudice in these circumstances, a [petitioner] must demonstrate that there is a reasonable probability that, but for counsel's [deficiency] … , he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

*2. Analysis*

Petitioner alleges that counsel was ineffective because counsel failed to ensure that the proper form regarding petitioner's appeal was filed with the trial court. The Court should conclude that petitioner is not entitled to habeas relief on this claim.[2]

---

[2] At the outset, I note that petitioner's ineffective assistance of counsel claims were not waived by his guilty plea, respondent's argument to the contrary notwithstanding. While a voluntary guilty plea waives claims of ineffective assistance of counsel, it does not do so insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Russell v. Pitcher*, No. 99-cv-76088, 2000 WL 1769568, at *3 (E.D.

At the plea hearing, petitioner's counsel acknowledged receipt of the Notice of Application for Leave to Appeal and Request for Appointment of Attorney (Guilty / Nolo Contendere Plea).  *See* Sentencing Tr., dated 6/14/05, at 6.  Petitioner signed the document, acknowledging that he had received and read it, but did not sign on the line requesting appointment of appellate counsel.  Petitioner contends that he defectively signed the form, and that his trial counsel was ineffective by failing to correct this.  However, at no time during sentencing or the 42 days following sentencing did the petitioner inform the judge that he was going to pursue his appellate rights.  Further, petitioner does not contend that he expressly stated to counsel his interest in an appeal.  The first time petitioner mentioned appellate counsel to the court was in a letter dated July 20, 2007, which was over two years after his sentencing.  Therefore, petitioner has not established that he would have timely filed an application for leave to appeal.

H.      *Recommendation Regarding Certificate of Appealability*

1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute

Mich. Oct 24, 2000) (Borman, J.).

does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

14

2.      *Analysis*

If the Court accepts my recommendation on the merits, the Court should also deny petitioner a certificate of appealability, for the reasons explained above.  The record establishes that petitioner's counsel affirmed the alteration of the nature of the original agreement and the sentencing guidelines within the plea agreement that petitioner himself had accepted were not altered.  Thus, the conclusion that petitioner's plea was valid is not reasonably debatable. Likewise, for the reasons explained above petitioner's court-appointed counsel fees claim fails to raise a substantial showing of a denial of petitioner's constitutional rights.  Moreover, resolution of petitioner's denial of appellate counsel claim is not reasonably debatable in light of the fact that his claim fails to raise a substantial showing of a denial of petitioner's constitutional rights. In light of the fact that petitioner failed to show that, but for counsel's alleged deficiency, he would have timely appealed, the resolution of petitioner's ineffective assistance of counsel claim is not reasonably debatable.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

I.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 4/14/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on April 14, 2011.
>
>                         s/Eddrey Butts
>                         Case Manager