UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE LEE,

      Petitioner,

                                Case No. 09-12127
vs.                               HON. GEORGE CARAM STEEH

SHERRI BURT,[1]

      Respondent.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY

### I.   Introduction

This matter is before the court on Jessie Lee's ("petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 19, 2005, petitioner pled guilty to first-degree criminal sexual conduct (CSC) in Macomb County Circuit Court in exchange for the dismissal of the remaining four counts of CSC he was charged with, and dismissal of the Enhancement Notice as a habitual third offender.  At the plea hearing, petitioner admitted to having intercourse with twelve year old Kiuana Harrison, which resulted in pregnancy.  DNA analysis confirmed that petitioner was the father of the child.  On June 14, 2005 he was sentenced to 135 months to 25 years in prison.  Petitioner is currently incarcerated in Parnall Correctional Facility in Jackson, Michigan.

---

[1] Ms. Burt is no longer the proper respondent; Debra Scutt is the current warden at Parnall Correctional Facility and as such is the proper respondent.

On June 2, 2009, proceeding *pro se* after exhausting his appeals in the state court system for two of the four claims he asserts here, petitioner filed his application for a writ of habeas corpus.  As grounds for habeas relief, petitioner brings the same claims he raised before the Michigan Court of Appeals and two additional claims that he raised only before the Michigan Supreme Court.  Respondent filed an answer on January 12, 2010. Magistrate Judge Paul J. Komives filed a sixteen-page report and recommendation on April 14, 2011.

## II.   Standard of Review

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## III.   Analysis

## A.   Exhaustion

Respondent argues that claim four (IV) is unexhausted because it was not presented to the Michigan Court of Appeals for review.  The magistrate judge did not address respondent's exhaustion argument and the court agrees with Respondent that petitioner's petition for a writ of habeas corpus contains unexhausted claims.  Therefore, the magistrate judge's report and recommendation is modified as to this issue only.

A habeas petitioner is first required to exhaust state court remedies before seeking habeas relief by fairly presenting all of his or her claims to the state courts.  28 U.S.C. § 2254(b), (c); Rhines v. Weber, 544 U.S. 269, 274 (2005) ("AEDPA preserved

[the] total exhaustion requirement"); White v. Mitchell, 431 F.3d 517, 525-26 (6th Cir.

2005); Whiting v. Burt, 395 F.3d 602, 612 (6th Cir. 2005). The petitioner bears the

burden of proving that he has exhausted those remedies. Rust v.Zent, 17 F.3d 155,

160 (6th Cir. 1994). The exhaustion principle requires a state prisoner to invoke one full

round of the state's established review procedures. O'Sullivan v. Boerckel, 526 U.S.

838, 842 (1999). In Castille v. Peoples, the Supreme Court addressed what constitutes

exhaustion of state remedies and held that the submission of new claims to the state's

highest court did not constitute "fair presentation" to invoke federal habeas review.. See

Castille v. Peoples, 489 U.S. 346, 350-51 (1989).

Petitioner admits in his § 2254 petition, that his third[2] and fourth claims were

each raised for the first time in the Michigan Supreme Court. Therefore, these claims

are unexhausted. Generally, a "mixed" habeas corpus petition, or one alleging

exhausted and unexhausted claims, should be dismissed so that the petitioner may

"either return[] to state court to exhaust his claims or amend[] and resubmit[] the habeas

petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S.

509, 510(1982). While state court exhaustion is normally required, district courts may

address an unexhausted claim if it is meritless such that addressing it would be efficient

and not offend federal-state comity. See Prather v. Rees, 822 F. 2d 1418, 1422 (6th

---

[2] Michigan provides petitioner the ability to raise a claim for ineffective assistance of appellate counsel through MICH. COMP. LAWS § 6.500 et seq. in the trial court in which he was convicted and sentenced. See Tucker v. Renico, 317 F. Supp. 2d 766, 773 (E.D. Mich. 2004).

Cir. 1987).  In the instant case, the court will proceed to the merits of the unexhausted

claims because the claims are meritless.

For the reasons set forth below, the court finds petitioner's claims are without

merit and accepts and adopts the magistrate judge's recommendation to deny habeas

relief on these claims.  Therefore, petitioner's petition for a writ of habeas corpus is

denied and his petition is dismissed.

### B.      Validity of Plea (claim one)

The magistrate judge concluded that petitioner's claim that his due process rights

were violated because the plea agreement was altered at sentencing is without merit.

Petitioner specifically asserts that (1) at sentencing, the prosecutor and the court altered

the plea agreement from a Cobbs[3] agreement to a sentence recommendation, and (2)

neither the defendant nor his attorney affirmatively acquiesced in this agreement

alteration.  The court finds that the magistrate judge reached the proper conclusion.

Petitioner is not entitled to relief on this claim.

A guilty plea is valid if it is entered voluntarily and intelligently, as determined

under the totality of circumstances.  See Brady v. United States, 397 U.S. 742, 748-49

(1970); King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994).  The Constitution requires, for

a plea to be valid, that the defendant be informed of all direct consequences of his plea.

See Brady, 397 U.S. at 755; King, 17 F.3d at 153.  A solemn declaration of guilt by the

---

[3]  People v. Cobbs, 443 Mich. 276; 505 N.W. 2d 2008 (1993).

defendant carries a presumption of truthfulness.  See Blackledge v. Allison 431 U.S. 63, 74 (1977); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  Mardy v. Johnson, 467 U.S. 504, 511 (1984).

Under a Cobbs agreement, a defendant can plead guilty pursuant to the trial court's evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the judge intends to impose a sentence greater than contemplated at the time of the plea.  See People v. Cobbs, 443 Mich. 276, 505 N.W.2d 2008 (1993). Under a sentencing agreement, a defendant is permitted to plead guilty pursuant to the sentence limit agreed upon by the defense and prosecution, subject to the defendant's right to withdraw his plea if the actual sentence the court imposes is more severe.  See People v. Killebrew, 416 Mich. 189, 330 N.W.2d 834 (1982).  Under Cobbs, the trial judge is bound by the agreement and under Killebrew, the prosecutor is bound.

In the present case, the change in the nature of the agreement did not materially alter the plea agreement because the sentence imposed was exactly as contemplated at the time of the guilty plea.  Originally the Cobbs agreement contemplated a sentencing guideline range which included 135 months.  See Plea Tr. 4-5, May 19, 2005.  But at sentencing, the prosecutor correctly obtained an adjustment of the

sentencing guidelines to 171 to 285 months in order to account for the victim's pregnancy as a physical injury, which had been omitted from the calculation of the previous offense score.  See Sentencing Tr. 2-3, June, 14, 2005.  However, the prosecutor recommended keeping the same Cobbs sentence with a minimum of 135 months, converting the Cobbs agreement into a sentencing agreement so that the trial court could grant a downward departure from the accurate guidelines range of 171 to 285 months.  Id.  The court and defense counsel agreed to the downward departure and to convert the Cobbs agreement into a sentencing agreement.  Id. at 3-4.  Thus, petitioner suffered no prejudice as a result of the change from a Cobbs to a sentencing agreement.

Furthermore, petitioner's claim that neither he nor his attorney affirmatively acquiesced in the alteration of the fundamental nature of the agreement is belied by the sentencing transcript.  Petitioner's counsel clarified the type of agreement along with the terms of the agreement on the record by stating, "[a]nd the *sentence agreement* would be to 135, Your Honor?"  See Sentencing Tr. 4, June 14, 2005 (emphasis added).  Counsel further reaffirmed approval for the change after the court stated it would convert the Cobbs agreement into a sentence agreement.  Id.  The court asked petitioner if he wished to make any additions, corrections, deletions or modifications and petitioner responded by saying, "I'll stand mute."  Id. at 4-5.  Both parties affirmed the altered nature of the agreement, and petitioner received the sentence he bargained for, so petitioner's due process rights were not violated.

C.     **Court Appointed Counsel Fees (claim two)**

The magistrate judge correctly found that petitioner's challenge to the trial court's procedure imposing a fee for court-appointed counsel is not cognizable on federal habeas review.  Specifically, petitioner asserted that the trial court must consider his ability to pay attorney fees and if an ability to pay cannot be established then the court must vacate the fees.

It is well-settled that a writ of habeas corpus cannot remedy a state court's error in applying state law.  See Estelle v. McGuire, 502 U.S. 6, 67-68 (1991); see also, Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976); Wesselman v. Seabold, 834 F.2d 99, 102 (6th Cir. 1988).  Petitioner is not entitled to relief on this claim.

D.     **Right to Appellate Counsel (claim three)**

Petitioner contends that the dismissal of his application for leave to appeal by the Michigan Court of Appeals violated his right to appellate counsel under Halbert v. Michigan, 545 U.S. 605 (2005).  In Halbert, the Supreme Court held that the Due Process and Equal Protection clauses require appointment of counsel for indigent defendants, convicted on their pleas, who seek first-tier review in the Michigan Court of Appeals.  Halbert, 545 U.S. at 610.  The magistrate judge concluded petitioner is not entitled to habeas relief on this claim because neither the trial court nor the Michigan Court of Appeals denied a timely request for appointed appellate counsel.

At the sentencing hearing, petitioner's counsel acknowledged receipt of the Notice of Application for Leave to Appeal and Request for Appointment of Attorney. See Sentencing Tr. 6, June, 14 2005.  Petitioner signed the document after the sentencing hearing, acknowledging receipt of the notice of leave to appeal.  Petitioner submitted the application to the trial court, but failed to sign on the line requesting appointment of appellate counsel.

On May 4, 2006, petitioner requested court documents from the trial court, submitting a form stating, "I make this request in order that I might pursue appellate relief of my conviction/sentence in proper [sic], as I am not now represented by counsel."  By filling out the form, the petitioner indicated he was pursuing his appellate rights *pro se* and not through appellate counsel.  The first time petitioner explicitly mentions appellate counsel to the trial court was in a letter dated July 20, 2007 wherein petitioner states he was under the mistaken impression that he had filed the application for leave to appeal on June 14, 2005.

The magistrate judge's conclusion is correct, Halbert is not implicated because petitioner was not denied the appointment of appellate counsel after a timely request was made.  In addition, Mich. Ct. R. 6.425(G)(1)(c), which requires a defendant to request appellate counsel within 42 days from sentencing, is constitutional.  While Halbert guarantees an indigent's right to counsel for first-tier appellate review, the holding of that case does not hold, nor suggest, states are powerless to enact reasonable conditions upon the exercise of that right.  See Mason v. Davis, No. 1:07-

CV-215,  2007 U.S. Dist. LEXIS 39456,*1, *3 (W.D. Mich. May 31, 2007).  The Supreme

Court has upheld a state's right to impose reasonable procedural conditions on the

defendant's rights, including those rights protected by the Constitution.  Id. (citing Taylor

v. Illinois, 484 U.S. 400, 412-13 (1988)).  "Even the exercise of constitutional rights may

be limited by procedural rules."  Kennedy v. City of Cleveland, 797 F.2d 297, 301 n.5

(6th Cir. 1986).  A six-week period to file a request for appointment of appellate counsel

is reasonable and no Supreme Court holding suggests otherwise.  See Mason, 2007

U.S. Dist. LEXIS 39456, at *4.

Based on the sentencing transcript, the trial court apparently failed to advise the

petitioner on the record of his right to appeal in compliance with Mich. Ct. R. 6.425(F)(2)

(2010 West).  The Supreme Court has held "a district court's failure to advise the

defendant of his right to appeal does not entitle him to habeas relief if he knew of his

right and hence suffered no prejudice from the omission."  See Peguero v. United

States, 526 U.S. 23, 24 (1999).  Petitioner has failed to establish that he was prejudiced

by the trial court's error.  Petitioner signed the Notice of Application for Leave to Appeal,

stating he received the form and understood that he must return the completed form to

the court within 42 days if he wanted an attorney appointed for his appeal.  Petitioner's

July 20, 2007 letter asserting his belief that he had requested appellate counsel is

belied by his May 4, 2006 document request to the Wayne County Circuit Court.  The

request stated petitioner was pursuing his appellate rights *pro se* and without appellate

counsel.  Consequently, the trial court's omission did not deny petitioner his due

process rights and does not merit habeas relief.

### E.     Ineffective Assistance of Counsel (claim four)

The magistrate judge concluded petitioner's ineffective assistance of counsel

claim  is without merit.  Petitioner asserts that counsel was ineffective for failing to

ensure that the form requesting appointment of appellate counsel was properly filed with

the court.

The Sixth Amendment confers the right to counsel and the right to effective assistance of

counsel.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to establish

ineffective assistance of counsel, petitioner must show both (1) counsel's errors were so

serious that "counsel was not functioning as the counsel guaranteed the defendant by

the Sixth Amendment" and (2) counsel's deficient performance prejudiced the defense.

Id.  The two components are mixed questions of law and fact.  Id. at 698.  The court

needs only find one component lacking to dispose of an ineffective assistance of

counsel claim.  Id. at 697.

Under the performance prong of the Strickland standard, there is a strong

presumption that counsel's actions fall within the wide range of reasonable assistance.

Id. at 466 U.S. at 689; O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).  "[T]he

court should recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment."  Strickland, 466 U.S. at 690.

To satisfy the prejudice prong, the petitioner "must demonstrate that there is a

reasonable probability that, but for counsel's [deficiency] . . . , he would have timely

appealed."  Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).  Trial counsel has a

constitutional duty to consult with defendant about an appeal, however, only when there

is reason to think either "(1) that a rational defendant would want to appeal . . . or (2)

that this particular defendant reasonably demonstrated to counsel that he was

interested in appealing."  Id. at 480.

   At the sentencing hearing, petitioner's trial counsel acknowledged receipt of the Notice of

Application for Leave to Appeal and Request for Appointment of Attorney form.  See

Sentencing Tr. 6, June, 14 2005.  Petitioner signed the document after the sentencing

hearing, acknowledging that he had received it and read it, but failed to sign on the line

requesting appointment of appellate counsel.  Petitioner asserts that trial counsel was

ineffective by failing to correct this omission.  But neither at sentencing nor within 42

days after sentencing did petitioner inform the judge that he was interested in an

appeal.  Moreover, petitioner does not claim that he expressly instructed his trial

attorney to request an appeal.  Therefore, the court agrees with the magistrate judge's

conclusion that petitioner fails to establish an ineffective assistance of counsel claim.

Petitioner is not entitled to relief on this claim.

###    F.    Certificate of Appealability

    Before petitioner may appeal the court's decision, he must obtain a certificate of

appealability.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court

rejects a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's assessment

of the constitutional claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473,

484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists

could conclude the issues presented are adequate to deserve encouragement to

proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  In applying this

standard, a district court may conduct a full merits review, but must limit its examination

to a threshold inquiry into the underlying merits of petitioner's claims.  Id. at 36-37.

        Having considered the matter, the court concludes that petitioner fails to make a

substantial showing of the denial of a constitutional right as to each of his claims for

habeas relief.  These claims comprise (1) violation of petitioner's right to due process

based on an invalid plea (2) denial of petitioner's Fifth and Sixth Amendment rights

based on the trial court's issuance of a reimbursement order for attorney fees and failing

to consider defendant's ability to pay attorney fees (3) violation of petitioner's right to

appellate counsel, and (4) ineffective assistance of trial counsel.  Jurists of reason

would not debate this court's assessment that each of petitioner's claims for habeas

corpus relief is meritless.  Therefore, the court finds that a certificate of appealability is

not warranted.

## IV.    Conclusion

        For the foregoing reasons, the court accepts and adopts, as modified, the report

and recommendation of the magistrate judge.

Accordingly,

The report and recommendation of Magistrate Judge Paul J. Komives, dated April 14, 2011, is ACCEPTED in part, MODIFIED in part, and, incorporating the modifications set forth herein, ADOPTED as this court's findings and conclusions of law.

Petitioner's petition for writ of habeas corpus is DENIED

A certificate of appealability is DENIED as to all four claims raised in the petition for a writ of habeas corpus.

Leave to proceed *in forma pauperis* on appeal is denied.  <u>See</u> Fed. R. App. P. 24(a)(3)(A).

Dated:  June 29, 2011

s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

June 29, 2011, by electronic and/or ordinary mail and also to Jessie Lee at Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201.

S/Josephine Chaffee

Deputy Clerk

---